# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID A. RAHM, BAR NO. 5908.

No. 732~~40~~ **FILED**

NOV 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney David A. Rahm. Under this agreement, Rahm admitted to multiple violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.4 (professional independence of a lawyer), RPC 5.5 (unauthorized practice of law), RPC 7.2 (advertising), RPC 7.2A (advertising requirements), RPC 7.3 (communications with prospective clients), and RPC 8.4 (misconduct). The agreement provides for a two-year suspension, the payment of $179,238.42 in restitution to former clients, and payment of $2,500 in fees plus the actual costs of the disciplinary proceeding.

Rahm admitted to the facts and violations alleged in the consolidated complaints. The record therefore establishes that Rahm associated with a loan modification company and failed to adequately supervise non-attorney employees, failed to have advertisements approved by the State Bar, and made inappropriate promises to clients regarding the outcome of their cases. The record further establishes that Rahm misappropriated client funds by using incoming funds to satisfy prior

Supreme Court
OF
Nevada

(O) 1947A

17-39207

obligations and that he often failed to keep his clients apprised of the status of their cases and the disbursement of settlement proceeds.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Rahm violated duties owed to his clients and the profession. Rahm's mental state was mixed: some of his actions were done with the intention to achieve a specific result, while others were done with just knowledge that an unfavorable result might occur. There was actual injury to clients in the form of mishandled money and cases and actual injury to the profession as the failure to properly advertise and supervise non-attorney employees was detrimental to the integrity and standing of the bar. The panel found three aggravating circumstances (pattern of misconduct, multiple offenses, and vulnerability of the victims) and three mitigating circumstances (absence of prior disciplinary record, personal or emotional problems, and imposition of other penalties).

Based on the most serious instance of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2016) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is disbarment. *See id.* at Standard 4.11 (providing that disbarment is appropriate when an attorney "knowingly converts client property and causes injury or potential injury to a client"). In light of the foregoing and the mitigating circumstances, we conclude that disbarment

is not necessary and that the agreed-upon two-year suspension is appropriate. The duration of the suspension along with the other conditions imposed are sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney David A. Rahm from the practice of law in Nevada for a period of two years commencing from the date of this order or until he pays full restitution, whichever is longer. Rahm shall pay restitution totaling $179,238.42 to the clients and in the amounts set forth in the conditional guilty plea agreement. Additionally, Rahm shall pay the costs of the disciplinary proceedings, plus fees in the amount of $2,500, within 30 days of the date of this order. SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                 Gibbons

_____, J.          _____, J.
Pickering                               Hardesty

_____, J.          _____, J.
Parraguirre                             Stiglich

 

cc: Chair, Southern Nevada Disciplinary Board
David A. Rahm
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimber K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court